IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Willie Garrett, #261175, | ) | C.A. No. 6:05-0748-HMH-WMC |
| | ) | |
| Petitioner, | ) | **OPINION and ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Colie L. Rushton; and Henry D. McMaster, Attorney General of South Carolina, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Robert Willie Garrett, ("Garrett"), a state prisoner proceeding pro se, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Magistrate Judge Catoe recommends dismissing Garrett's petition without prejudice and without requiring Colie R. Rushton and Henry D. McMaster (collectively "respondents") to file a return. The Magistrate Judge found that Garrett's petition was successive and that Garrett failed to seek and obtain authorization from the United States Court for the Fourth Circuit as required under 28 U.S.C. § 2244(b)(3) before filing the instant petition. (Rept. at 3.) Garrett filed objections to the Report and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Garrett's § 2254 petition.

## I. Factual and Procedural Background

Garrett is currently incarcerated at McCormick Correctional Institution, a South Carolina Department of Corrections facility, where he is currently serving a ten-year sentence as a result of a guilty plea entered on June 15, 2000. Garrett did not appeal his conviction.

After being denied Post-Conviction Relief ("PCR") on April 29, 2002, Garrett filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 21, 2003. The court granted summary judgment to the respondents in that case on August 27, 2003. Garrett appealed the court's decision, and the Fourth Circuit dismissed his appeal on March 7, 2005. Garrett v. Rushton, No. 04-7571, 2005 WL 545407, at *1 (4th Cir. Mar. 7, 2005) (unpublished). Garrett filed the instant petition on February 28, 2005.[2]

## II. Legal Discussion

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the Recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the Recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Garrett filed one specific objection to the Report and Recommendation. Garrett argues that the Magistrate Judge erred in concluding that the instant petition constitutes a "second"

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

petition. Garrett acknowledges that "a federal habeas corpus petition is a 'second' petition if it raises claims that were or could have been adjudicated on their merits in an earlier petition." (Obj. at 2.) However, he argues the court should allow him to pursue the instant petition because the United States Supreme Court's holding in Blakely v. Washington,124 S. Ct. 2531 (U.S. 2004), "was previously unavailable to Petitioner upon his July 21, 2003 Habeas Corpus petition" and "Blakely is, further, made retroactive through the U.S. Supreme Court's decision . . . ." (Obj. at 2) (emphasis in original).

Any claim Garrett presents in a second or successive habeas corpus application under section 2254 that was not presented in his prior application must be dismissed unless Garrett "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). Although Garrett argues to the contrary, Blakely does not assist him in allowing him to bring a second habeas petition. The Blakely decision does not apply retroactively to cases on collateral review. See United States v. Marshall, No. 04-7331, 2004 WL 2980733, at *1 n.1 (4th Cir. Dec. 22, 2004) (unpublished); Morgan v. Beck, No. 04-6963, 2004 WL 2165919, at *1 n.1 (4th Cir. Sept. 23, 2004) (unpublished); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005). Hence, Blakely is inapplicable to Garrett's case, which had become final long before the Supreme Court decided Blakely in 2004. Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Report and Recommendation of the Magistrate Judge.

Therefore, it is

**ORDERED** that Garrett's § 2254 petition is dismissed without prejudice and without requiring the respondents to file a return.

**IT IS SO ORDERED.**

                                                     s/ Henry M. Herlong, Jr.
                                                     United States District Judge

Greenville, South Carolina
May 2, 2005

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.